IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| Jana Wooten, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 00-3280-CV-S-1-ECF |
| ) | |
| Pleasant Hope R-VI School District ) | |
| and Micki Stout, ) | |
| ) | |
| Defendants. ) | |

## SUGGESTIONS IN SUPPORT OF MOTION OF DEFENDANTS PLEASANT HOPE R-VI SCHOOL DISTRICT AND MICKI STOUT TO DISMISS

### I.     BACKGROUND

On or about June 9, 2000 Plaintiff, Jana Wooten, who was a student at Pleasant Hope R-VI School District's High School during 1998-99 school year, filed this action against Pleasant Hope R-VI School District and Micki Stout (collectively "Defendants") seeking relief under 42 U.S.C. § 1983. See e.g., Plaintiff's Complaint at ¶¶ 47-49. While the Complaint details many specific facts regarding Plaintiff's expulsion from the softball team and several selections from the student handbook, the Complaint wholly fails to state a claim against either the District or Stout. Plaintiff's entire § 1983 claim for denial of procedural due process is premised on the belief that she has a property interest in playing of the high school softball team. As discussed below, a student has no property right in playing high school sports. Without such a right, it is impossible for Defendants to deny Plaintiff any procedural due process.

In addition, Plaintiff seeks relief from Defendant Micki Stout ("Stout") under several state law tort theories. Id. at ¶¶ 67-89. Plaintiff has failed to state a cause of action against Stout on any of these state law claims. The alleged conduct does not rise

to the level of outrageous or shocking, as required in order to state a claim for intentional inflection of emotional distress. Further, defendant Stout owed Plaintiff no duty to verify her whereabouts when she missed a game unannounced, nor does Defendant Stout have a duty not to tell Plaintiff's team members about her removal from the team.[1] Therefore, Plaintiff has wholly failed to state a claim against Defendant Stout for prima facie tort, violation of privacy or defamation. Plaintiff has simply not pleaded facts sufficient enough to rise to the level of violations of any of these torts under Missouri law.

## II. ARGUMENT

### A. Standard of Review of Motion to Dismiss

Dismissal of a claim is appropriate when there exists no set of facts that would support the claim and entitle plaintiff to recover. Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999). When ruling on a motion to dismiss, the Court is required to view the facts alleged in the light most favorable to the plaintiff. Johnson v. City of Minneapolis, 152 F.3d 859, 861 (8th Cir. 1998). At a minimum, a complaint must contain facts sufficient to state a claim *as a matter of law*. Hanten v. Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999). Additionally, a complaint must not be conclusory in its allegations. Id. Further, complaints based on civil rights statutes *must include specific allegations of facts showing a violation* "instead of a litany of general conclusions which shock and have no meaning." Morales v. Santor, 1995 WL 760625 (N.D.N.Y. 1995) (quoting Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987)).

---

[1] It is curious that in Plaintiff's "General Allegations" section of her Complaint, it is alleged that Defendant Stout told only Plaintiff's team members of Plaintiff's whereabouts and removal from the team, and then in some counts alleges that Plaintiff also told other member of the public, without any specific allegations of the identity of these other people or any reference to when they were told.

2

B. Plaintiff has Wholly Failed to Allege That She Was Deprived of Her Procedural Due Process, Since She Has No Protected Liberty or Property Right to Remain on the High School Softball Team

In Count I, Plaintiff alleges that she was denied her procedural due process rights by being expelled from the girls' softball team for missing a game to attend another school's homecoming prior to being given notice of the charges against her, and without a hearing in which she could respond. See Plaintiff's Complaint at ¶¶ 47-48. Further, in Count VI of her Complaint, Plaintiff requests that this Court conduct a *de novo* hearing of the facts regarding Plaintiff's removal from the softball team. Id. at ¶ 94. As set out more fully below, Plaintiff was not denied due process in the decision to remove her from the softball team and she is not entitle to a *de novo* hearing by this Court.

In order to trigger the Due Process Clause and its protections, a Plaintiff must first show that he/she has a specific entitlement to the liberty or property interest allegedly denied by the government. Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999). Therefore, the first step in analyzing a procedural due process claim is to determine whether there exists a protected life, liberty, or property interest with which the state has interfered. Canada v. Bd. of Regents of Central Mo. State Univ., 915 F. Supp. 145, 149 (W.D. Mo. 1996); Graham v. Tennessee Secondary School Athletic Assn., 1995 U.S. Dist. LEXIS 3211, *16-17 (E.D. Tenn. 1995). If an individual fails to satisfy this requirement, the state may deny plaintiff of the interest without a hearing for any reason. See James P. v. Paul Lemathieu, 84 F. Supp. 2d 1113, 1119-20 (D. Haw. 2000) (holding that a student has no constitutional right to participate in school athletic or social activities, and therefore, school need not give notice nor afford any kind of hearing before student's ban from further participation in athletic activities for the rest of the year is

3

invoked). See also Pegram v. Nelson, 469 F. Supp. 1134, (M.D. N.C. 1979) (no formal proceedings were required for a four-month suspension from extracurricular activities).

To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it, or a unilateral expectation of it. James v. Tallassee High School, 907 F. Supp. 364, 366-67 (N.D. Ala. 1995). The Supreme Court has been very reluctant to extend Fourteenth Amendment coverage to many areas outside certain enumerated rights. Canada v. Bd. of Regents of Central Mo. State Univ., 915 F. Supp. 145, 149 (W.D. Mo. 1996).

The Eighth Circuit has held that there is no established right to compete in high school interscholastic athletics. McFarlin v. Newport Special Sch. Dist., 980 F.2d 1208, 1211 (8th Cir. 1992). A majority of other courts have agreed with the Eight Circuit, and found that there is no established property right to compete on high school athletic teams. See e.g., Peterson v. Indpt. Sch. Dist., 999 F. Supp. 665, 674 (D. Minn. 1998); Farver v. Bd. of Ed., 40 F. Supp. 2d 323, 324 (D. Maryland 1999); Mitchell v. Louisiana High School Athletic Assn., 430 F.2d 1155, 1158 (5th Cir. 1970); Albach v. Odle, 531 F.2d 983, 984-85 (10th Cir. 1976); Davenport v. Pandolph Co. Bd. of Ed., 730 F.2d 1395, 1397 (11th Cir. 1984); James v. Tallasse High School, 907 F. Supp. 364, 367 (M.D. Ala. 1995); Graham v. Tennessee Secondary School Athletic Assn., 1995 U.S. Dist. LEXIS 3211, *20 (E.D. Tenn. 1995).

Further Plaintiff claims that the 1998-1999 Pleasant Hope R-IV Student-Parent Handbook provides Plaintiff "a legitimate claim of right to participate on the high school girls softball team." See Plaintiff's Complaint at ¶ 29. However, Plaintiff fails to specify which Missouri law creates a property interest in remaining on the softball team from

4

general propositions in the handbook encouraging participation in extracurricular activities. In fact, there is no Missouri state statute or law which creates a property interest in continued participation in interscholastic sports or extracurricular activities, even if participation in such activities are encouraged in the school's handbook.

Plaintiff simply does not have an interest, which is protected by state or federal law, in remaining on the high school softball team. Without such a protected right, Plaintiff can be removed from the team without a hearing for any reason. Therefore, Defendants did not deny Plaintiff her procedural due process rights pursuant to her removal from the softball team. Plaintiff has failed to state a claim for which relief can be granted, and Count I should be dismissed with prejudice, accordingly.

Additionally, Plaintiff has no claim for a right to a *de novo* hearing by this Court. As noted above, Plaintiff can be deprived, without due process, her unprotected benefit of remaining on the softball team. The decision to remove Plaintiff from the softball team was not made unlawfully, unconstitutionally, unreasonably, or pursuant to an abusive of discretion. Plaintiff's rights were simply not violated. Plaintiff is not entitled to have this court conduct a *de novo* hearing of the facts, since Plaintiff was never entitled to such a hearing by the school board. Wherefore, Plaintiff has failed to state a claim for a right to a *de novo* hearing, and accordingly, Count VI should be dismissed, with prejudice.

    C.    <u>Plaintiff Has Wholly Failed to Allege a Claim For Intentional Infliction of Emotional Distress Against Defendant Micki Stout</u>

Plaintiff alleges that Defendant Stout intentionally inflicted emotional distress upon Plaintiff. Plaintiff, however, has, as a matter of law, failed to state a claim of intentional infliction of emotional distress against Stout. In Missouri, to state a claim for intentional infliction of emotional distress, plaintiff's must allege that (1) defendant's

5

conduct was extreme and outrageous; (2) defendant acted in an intentional or reckless manner, and (3) such conduct resulted in severe and emotional distress. Comstock v. Consumers Markets, Inc., 953 F. Supp. 1096, 1104-05 (W.D. Mo. 1996). However, the court *as a threshold matter*, must first decide whether or not "an average member of the community upon learning the facts alleged by plaintiff would exclaim 'outrageous!'" Miller v. Wackenhut Serv., Inc., 808 F. Supp. 697, 700-01 (W.D. 1992). See also Local 36 v. T.J. Kirkwood & Son, Inc., 911 F. Supp. 1197, 1211 (E.D. Mo. 1996) (citation omitted). Further, the conduct alleged must be so outrageous "as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. Whether conduct was so extreme or outrageous as to permit recovery is a question for the court to determine as a matter of law. Frye v. CBS, Inc., 671 S.W.2d 316, 319 (Mo. App. 1984); Wilt v. Kansas City Trans. Auth., 629 S.W.2d 669, 671 (Mo. App. 1982). "Mere insults, indignities, inconsiderations or petty oppressions do not rise to the level of the outrageous conduct essential to plaintiff's right of recovery." Evans v. Six Flags, 613 F. Supp. 219, 220 (E.D. Mo. 1985).

The conduct alleged by Plaintiff in her Complaint, as a matter of law, fails to allege conduct that is so outrageous that it goes beyond all possible bounds of decency and is regarded as atrocious, and utterly intolerable in a civilized community. Simply stated, announcing to the present members of the softball team (and anyone else for that matter) that Plaintiff was kicked off of a high school softball team after missing a game is simply not outrageous. Instead, it is a standard policy followed by many coaches to ensure attendance by team members. Further, consulting Plaintiff's teammates regarding her whereabouts, when Plaintiff failed to properly notify the coach that she was missing a

game, simply is not outrageous conduct. Instead, Defendant Stout's actions were relatively standard conduct in reaction to a player missing a game unannounced.

Simply stated, the conduct alleged in Plaintiff's Complaint does not even come close to alleging a cause of action for intentional infliction of emotional distress against Defendant Stout. See e.g. Gibson v. Hummel, 688 S.W.2d 4, 7-8 (Mo. App. 1985) (presenting cases with factual situations substantially more egregious than the one at bar which were held not to involve outrageous conduct). Wherefore, Plaintiff allegations fail to state a claim upon which relief can be granted, and should be dismissed with prejudice.

D. Plaintiff Has Wholly Failed to Allege a Claim For Prima Facie Tort Against Defendant Micki Stout

In Count III, Plaintiff attempts to allege a cause of action for prima facie tort against Defendant Stout. Plaintiff, again, fails to state a cause of action upon which relief can be granted. In order to state a cause of action for prima facie tort, Plaintiff must allege (1) an intentional, unlawful act by the defendant, (2) an intent to cause injury by the defendant, (3) injury to the plaintiff, and (4) an absence of justification or an insufficient justification for the defendant's act. Gray v. Bicknell, 86 F.3d 1472, 1481 (8th Cir. 1996). In addition, in Missouri, a fundamental test of whether one person has a cause of action in tort against another is whether the person sought to be held liable owed, to the person seeking to recover, any duty to do something he did not know, or not to do something he did do. Harzfeld's v. Otis Elevator Co., 114 F. Supp. 480, 485 (W.D. Mo. 1953).

In this case, Defendant Stout owed no duty to Plaintiff to verify why she missed a softball game and to not disseminate the fact that she was kicked off of the softball team to other people. In fact, at least one court has held that coaches actually have a duty to

7

publicly criticize team members' performance as members of a team in order to promote maximum team effort and performance. See Iacco v. Bohannon, 245 N.W.2d 791, 792-93 (Mich. App. 1976).[2] Absent such a duty, Plaintiff cannot state a claim for prima facie tort against Defendant Stout. Wherefore, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Stout, and Count III should be dismissed accordingly.

> E. Plaintiff Has Wholly Failed to Allege a Claim For Violation of Privacy Against Defendant Micki Stout

Plaintiff has also alleges that Defendant Micki Stout violated her right to privacy. The tort of invasion of privacy actually consists of four separate torts: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the other's name or likeness; (3) unreasonable publicity given other's private life; and (4) publicity that unreasonable places the other in a false light before the public. Hester v. Barnett, 723 S.W.2d 544, 562 (Mo. App. 1987). While Plaintiff does not specify which of the above interests Stout allegedly intruded, it appears that Plaintiff is attempting to allege a violation of her right against unreasonable publicity of private facts or false light invasion of privacy. However, where a claim for recovery on either theory—the publication of private facts or a false light invasion of privacy—involves *untrue* statements, these two theories of recovery are improper. See Hester v. Barnett, 723 S.W.2d 544, 562-63 (Mo. App. 1987); Henry v. Taft Television & Radio Co., 774 S.W.2d 889, 892 (Mo. App. 1989). Instead the proper theory of recovery for untrue statements is defamation. Hester, 723 S.W.2d at

---

[2] Imagine if the opposite were true. No high school coach could ever discipline a player in front of other team members or spectators for disobeying the coach's orders or the team's rules. Instead, the coach would have to ignore the player's behavior and wait until a private moment to discipline the player.

562-63. When an action for invasion of privacy is sounded in untrue statements it should be dismissed. Henry, 774 S.W.2d at 892.

Plaintiff's Complaint alleges that Defendant Stout allegedly made two public statements: (1) that Plaintiff had missed a game because she was attending another school's homecoming, and (2) that Plaintiff was "kicked off" the softball team because she missed a game. Further, Plaintiff states that the statement that she had missed the game to attend another school's homecoming was false. See Plaintiff's Complaint at ¶ 10. As noted above, a plaintiff cannot recover under the tort of violation of privacy for untrue statements. Therefore, while not clear, Plaintiff's allegations in this count must relate only to Stout's announcement that Plaintiff was "kicked off" the softball team.

However, the announcement that Plaintiff was "kicked off" the softball team is not a communication that causes Plaintiff's privacy to be violated. As noted above, at least one court has noted that high school coaches actually have "a duty to criticize the actions of the players with respect to their performance as members of the team." Iacco v. Bohannon, 245 N.W.2d 791, 792-93 (Mich. App. 1976) (holding that coach's statements regarding player's suspension for lack of team loyalty were entirely proper). Stout was acting properly in her role as a coach when she stated to others that Plaintiff was removed from the team. Further, Defendant Stout did not owe Plaintiff any duty to not tell teammates and others such information.[3] Wherefore, Plaintiff has wholly failed to state a claim against Stout for violations of privacy, and Count IV should be dismissed with prejudice.

---

[3] Even if Stout had first told Plaintiff that she had been "kicked off" the team, Plaintiff's teammates would eventually have to be informed why Plaintiff was suddenly absent from the team. Simply because Stout decided to tell Plaintiff's teammates first does not cause Stout's actions to rise to a violation of Plaintiff's privacy.

F.  Plaintiff Has Wholly Failed to Allege a Claim For Defamation Against Defendant Micki Stout

Plaintiff, by her own allegations, had simply failed to state a claim for defamation. The statements Defendant Stout allegedly made regarding Plaintiff's whereabouts when she missed a game are simply not defamatory.[4] Whether language is defamatory and actionable is a question of law. Ampleman v. Scheweppe, 972 S.W.2d 329, 332 (Mo. App. 1998) (citations omitted). Courts are empowered to decide, as a matter of law, that a statement is not reasonably capable of defamatory meaning. Id. A communication is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Id. The standard to be used by the Court to determine whether an allegedly defamatory statement is reasonably capable of a defamatory meaning is two-fold. Id. First, the alleged defamatory words must be "stripped of any pleaded innuendo... and construed in their most innocent sense", and second the words must be construed in a context which gives them their plain and ordinary meaning, or given the sense which is most obvious and natural and according to the ideas they are calculated to convey to those to whom they are addressed. Id.

The comments which Defendant Stout allegedly made regarding Plaintiff's absence from a game are clearly not those which tend to so harm plaintiff's reputation as to lower her in the estimation of the community or to deter others from associating or dealing with her. Instead, these comments were criticizing the actions of a player who was not performing up to the team standards. The fact is that Plaintiff did miss a game

---

[4] Since Plaintiff did has failed to plead special damages, Defendant is assuming that Plaintiff is not alleging that Defendant's statements were defamatory *per se*. See American Mutual Liability Corp., 335 F. Supp. 390, 394-95 (W.D. Mo. 1971).

unannounced and unexplained. See Plaintiff's Complaint at ¶ 10. The coach, naturally curious, inquired as to Plaintiff's whereabouts. Id. at ¶ 7. One of Plaintiff's teammates told Defendant Stout that she thought that Plaintiff was not attending the game because she was at another school's homecoming. Id. at ¶ 8. Defendant Stout merely repeated what she was told by the team members. Id. at ¶ 9.

This statement, when repeated by Defendant Stout to those who told her, could not have changed Plaintiff's reputation in the mind of the team members. Washington v. Thomas, 778 S.W.2d 792, 800 (Mo. App. 1989). Second, simply telling others that Plaintiff missed a game because she was at another school's homecoming is not defamatory. Plaintiff's coach was simply attempting to explain Plaintiff's absence. A statement explaining that Plaintiff missed a game to go to an important event, like a homecoming, would not be considered, in its most innocent sense and without any pleaded innuendoes, to be defamatory. It certainly is not much different than a statement that Plaintiff missed a game unannounced in order to run an errand for her mother, which is what Plaintiff alleges to be the truth. See Plaintiff's Complaint at ¶ 10. The simple fact is that Defendant Stout's statements are not defamatory as a matter of law.

Further, even if the Court disagrees with Defendant's argument that her statements are not defamatory as a matter of law, Defendant still is not liable for defamation. Defendant Stout has a qualified privilege to publicly criticize a team member for missing a game. High school coaches actually have "a duty to criticize the actions of the players with respect to their performance as members of the team and to act in a fashion which would promote the maximum team effort." Iacco v. Bohannon, 245 N.W.2d 791, 792-93 (Mich. App. 1976). In Iacco a high school basketball coach

11

gathered together all members of the team and announced that Plaintiff was suspended from the team. Id. at 792. The coach described that player's lack of loyalty to the team. Id. Further, the coach told the players that if the suspended player wanted to be reinstated to the team, he must demonstrate team loyalty and faith in the team's ability to win. Id. The Michigan Court of Appeals found that coaches are actually clothed with a qualified privileged to make such statements regarding their players. Id. Therefore, the court found that the coach's statements were not defamatory. Id.

If a speaker has a qualified privilege, a Plaintiff must prove that the statements were made with actual malice, which means that the statements were made with knowledge that they were false or with reckless disregard for whether they were true or false at a time when the defendant has serious doubts as to whether they were true. Hardge-Harris v. Pleban, 741 F. Supp. 764, 773 (E.D. Mo. 1990).

Plaintiff cannot prove that Defendant Stout acted with actual malice when telling Plaintiff's team members that she had skipped the game to attend another school homecoming. Plaintiff alleged that Defendant Stout asked the other team members why Plaintiff was absent from the game. See Plaintiff's Complaint at ¶ 7. One of he *team members* indicated that she thought that Plaintiff was attending the homecoming of another school. Id. at ¶ 8. It is entirely reasonable that Defendant Stout believed what another one of Plaintiff's team members told her about Plaintiff's whereabouts. No where in Plaintiff's Complaint does she allege any facts indicating that she had told her coach, or anyone else, a different reason as to why she was missing the game. The are simply no facts alleged that Stout knew or had serious reasons to believe that Plaintiff

was not at another school's homecoming. Plaintiff simply has not alleged and cannot prove actual malice on the part of Defendant Stout.

Wherefore, Plaintiff has failed to state a cause of action against Defendant Stout for defamation, and Count V should be dismissed with prejudice.

### III. CONCLUSION

For all of the foregoing reasons, Defendants Pleasant Hope R-IV School District and Micki Stout request that this Court dismiss, with prejudice, all claims against Defendants Pleasant Hope R-VI School District and Micki Stout, and for such other an further relief as the Court deems just and proper.

**Respectfully submitted,**

**MICKES, TUETH, KEENEY, COOPER, MOHAN & JACKSTADT, P.C.**

By: _/s/ Thomas A. Mickes_
Thomas A. Mickes, #28555
720 Olive Street, 5th Floor
St. Louis, MO 63101
(314) 241-2226
(314) 241-2905 – facsimile

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above Memorandum in Support of Motion of Defendants Pleasant Hope R-VI School District and Micki Stout to Dismiss was served by U.S. Mail, postage pre-paid on Mr. Kent L. Brown, Esq., Carson & Coil, P.C., 515 East High Street, P.O. Box 28, Jefferson City, Missouri 65102, on this 20th day of July, 2000.

_/s/ Stephanie L. Scott_

# TABLE OF CONTENTS FOR
# SUGGESTIONS IN SUPPORT OF MOTION OF DEFENDANTS PLEASANT HOPE R-VI SCHOOL DISTRICT AND MICKI STOUT TO DISMISS

Page No.

I. BACKGROUND ................................................................................................ 1

II. ARGUMENT .................................................................................................... 2

   A. Standard of Review of Motion to Dismiss ................................................. 2

   B. Plaintiff has Wholly Failed to Allege That She Was Deprived of Her Procedural Due Process, Since She Has No Protected Liberty or Property Right to Remain on the High School Softball Team ................................ 3

   C. Plaintiff Has Wholly Failed to Allege a Claim For Intentional Infliction of Emotional Distress Against Defendant Micki Stout ................................. 5

   D. Plaintiff Has Wholly Failed to Allege a Claim For Prima Facie Tort Against Defendant Micki Stout ................................................................ 7

   E. Plaintiff Has Wholly Failed to Allege a Claim For Violation of Privacy Against Defendant Micki Stout ................................................................ 8

   F. Plaintiff Has Wholly Failed to Allege a Claim For Defamation Against Defendant Micki Stout ............................................................... 10

III. CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES FOR
## SUGGESTIONS IN SUPPORT OF MOTION OF DEFENDANTS PLEASANT HOPE R-VI SCHOOL DISTRICT AND MICKI STOUT TO DISMISS

Page No.

Knapp v. Hanson, 183 F.3d 786 (8th Cir. 1999) ..................................................... 2

Johnson v. City of Minneapolis, 152 F.3d 859 (8th Cir. 1998) ............................... 2

Hanten v. Riverview Gardens, 183 F.3d 799 (8th Cir. 1999) .................................. 2

Morales v. Santor, 1995 WL 760625 (N.D.N.Y. 1995) .......................................... 2

Gordon v. Hansen, 168 F.3d 1109 (8th Cir. 1999) .................................................. 3

Canada v. Bd. of Regents of Central Mo. State Univ., 915 F. Supp. 145
(W.D. Mo. 1996) ..................................................................................................... 3

Graham v. Tennessee Secondary School Athletic Assn., 1995 U.S. Dist. LEXIS
3211 (E.D. Tenn. 1995) ........................................................................................... 3

James P. v. Paul Lemathieu, 84 F. Supp. 2d 1113 (D. Haw. 2000) ........................ 3

Pegram v. Nelson, 469 F. Supp. 1134 (M.D. N.C. 1979) ....................................... 4

James v. Tallassee High School, 907 F. Supp. 364 (N.D. Ala. 1995) .................... 4

Canada v. Bd. of Regents of Central Mo. State Univ., 915 F. Supp. 145
(W.D. Mo. 1996) ..................................................................................................... 4

McFarlin v. Newport Special Sch. Dist., 980 F.2d 1208 (8th Cir. 1992) ................ 4

Peterson v. Indpt. Sch. Dist., 999 F. Supp. 665 (D. Minn. 1998) ........................... 4

Farver v. Bd. of Ed., 40 F. Supp. 2d 323 (D. Maryland 1999) ............................... 4

Mitchell v. Louisiana High School Athletic Assn., 430 F.2d 1155
(5th Cir. 1970) ......................................................................................................... 4

Albach v. Odle, 531 F.2d 983 (10th Cir. 1976) ....................................................... 4

Davenport v. Pandolph Co. Bd. of Ed., 730 F.2d 1395 (11th Cir. 1984) ................ 4

James v. Tallasse High School, 907 F. Supp. 364 (M.D. Ala. 1995) ..................... 4

Graham v. Tennessee Secondary School Athletic Assn., 1995 U.S. Dist.
LEXIS 3211 (E.D. Tenn. 1995) ................................................................. 4

Comstock v. Consumers Markets, Inc., 953 F. Supp. 1096 (W.D. Mo. 1996) .............. 6

Miller v. Wackenhut Serv., Inc., 808 F. Supp. 697 (W.D. 1992) ................................. 6

Local 36 v. T.J. Kirkwood & Son, Inc., 911 F. Supp. 1197 (E.D. Mo. 1996)
(citation omitted) ........................................................................................ 6

Frye v. CBS, Inc., 671 S.W.2d 316 (Mo. App. 1984) ................................................. 6

Wilt v. Kansas City Trans. Auth., 629 S.W.2d 669 (Mo. App. 1982) .......................... 6

Evans v. Six Flags, 613 F. Supp. 219 (E.D. Mo. 1985) ............................................... 6

Gibson v. Hummel, 688 S.W.2d 4 (Mo. App. 1985) ................................................... 7

Gray v. Bicknell, 86 F.3d 1472 (8th Cir. 1996) ........................................................... 7

Harzfeld's v. Otis Elevator Co., 114 F. Supp. 480 (W.D. Mo. 1953) .......................... 7

Iacco v. Bohannon, 245 N.W.2d 791, 792-93 (Mich. App. 1976) .............. 8, 9, 11, 12

Hester v. Barnett, 723 S.W.2d 544, 562 (Mo. App. 1987) ....................................... 8, 9

Henry v. Taft Television & Radio Co., 774 S.W.2d 889 (Mo. App. 1989) ................. 8

American Mutual Liability Corp., 335 F. Supp. 390 (W.D. Mo. 1971) ..................... 10

Ampleman v. Scheweppe, 972 S.W.2d 329 (Mo. App. 1998) (citations omitted) ...... 10

Washington v. Thomas, 778 S.W.2d 792 (Mo. App. 1989) ....................................... 11

Hardge-Harris v. Pleban, 741 F. Supp. 764 (E.D. Mo. 1990) .................................... 12