# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| JANA WOOTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00-3280-CV-S-1 |
| | ) | |
| PLEASANT HOPE R-VI SCHOOL DISTRICT | ) | |
| AND MICKI STOUT | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S AMENDED MEMORANDUM IN OPPOSITION TO MOTION OF DEFENDANTS PLEASANT HOPE R-VI SCHOOL DISTRICT AND MICKI STOUT TO DISMISS

### Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statutes and Constitutional Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Plaintiff Was Denied Due Process of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Defendants' Due Process Cases Distinguished . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    Plaintiff has a Right to Judicial Review Pursuant to Section 536.150, RSMo 1994 . . . . . . . . . 8
    Intentional Infliction of Emotional Distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    Plaintiff State's a Cause of Action for *Prima Facie* Tort . . . . . . . . . . . . . . . . . . . . . . . 10
    Invasion of Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    Defamation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Table of Authorities

Cases

*Albach v. Odle*, 531 F.2d 1983 (10th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Behagen v. Intercolegiate Conference of Faculty Representatives*,
        346 F. Supp. 602 (D.Minn. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Board of Regents v. Roth*, 408 U.S.564 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

*Boyd v. Board of Directors of McGehee School Dist. No. 17*,
        617 F.Supp. 86 (E.D. Ark. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Braesch v. DePasquale*, 265 N.W.2d 842 (Neb. 1978) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bunger v. Iowa High School Athletic Ass'n*, 197 N.W.2d 555 (Iowa 1972) . . . . . . . . . . . . . . 5

*Canada v. Thomas,* 915 F. Supp. 145 (W.D. Mo.1996) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Clements v. Board of Educ.*, 133 Ill.App. 3d 531, Ill. Dec. 601, 478 N.E.2d 1209 (1985) . . . . . . 5

*Davenport By Davenport v. Randolph County Bd. of Educ.*,
        730 F.2d1395 (11th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Davis v. Central Dauphin School District School Bd.*,
        466 F.Supp. 1259 (M.D. Pa. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Farver v. Board of Educ. of Carroll County*, 40 F. Supp 2d 323 (D.Md. 1999) . . . . . . . . . . . 6, 8

*French v. Cornwell*, 276 N.W.2d 216 (Neb. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fry v. CBS Inc.*, 671 S.W. 2d 316 (Mo. App. E.D. 1984) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gilpin v. Kansas State High School Activities Ass'n Inc.*,
        377 F.Supp. 1233 (D. Kan.1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gordon v. Hansen,* 168 F.3d 1109 (8th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Grey v. Bicknell*, 86 F.3d 1472 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Case 6:00-cv-03280-DW   Document 20   Filed 09/21/00   Page 3 of 19

*Hardge-Harris v. Pleban*, 741 F. Supp. 764 (E.D. Mo.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Harzfeld's v. Otis Elevator Co.,* 114 F. Supp. 480 (W.D. Mo. 1953) . . . . . . . . . . . . . . . . . . . . . 10

*Iacco v. Bohannon*, 245 N.W. 2d 791 (Mich.App.1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*James By and Through Singleton v. Tallassae High School*,
     907 F. Supp. 364 (M.D. Ala. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kelly v. Metropolitan Co. Board. of Ed. of Nashville and Davidson County Tennessee*,
     492 F. Supp. 167 (M.D.Tenn. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Knapp v. Hanson* 183 F.3d 786 (8th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*,
     113 S.Ct. 1160 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*McFarlin v. Newport Special School District,* 980 F.2d 1208 (8th Cir. 1992) . . . . . . . . . . . . 4, 5

*Mitchell v. Louisiana High School Athletic Ass'n*, 430 F.2d1155 (5th Cir. 1970) . . . . . . . . . . 7

*Mosley v. Members of the Civil Service Board, et al.*, 2000 WL 821661,
     3-4 (Mo. App. E.D. Case No. 77135, issued June 20, 2000) . . . . . . . . . . . . . . . . . . . . 8

*Nazeri v. Missouri Valley College*, 860 S.W. 2d 303 (Mo. 1993) . . . . . . . . . . . . . . . . . . . . . . . 11

*O'Connor v. Board of Educ.,* 65 Misc. 2d 40, 316 N.Y.S.2d 799(1970) . . . . . . . . . . . . . . . . . . 5

*Pegran v. Nelson* 469 F. Supp. 1134 (M.D.N.C.1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Peterson v. Independent School District Number 811*, 999 F. Supp. 665 (D.Minn. 1998) . . . . . 6

*Polk v. INROADS/ St. Louis, Inc.,* 951 S.W. 2d 646 ( Mo. App. E.D. 1997) . . . . . . . . . . . . . 8, 9

*Runge v. Dove*, 857 F.2d 469 (8th Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Strickland v. Inlow*, 485 F. 2d 186 (8th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S. ex rel. Missouri State High School Activities Ass'n*, 682 F. 2d 147 (8th Cir. 1982) . . . . . . 4

*Yarber v. McHenry*, 915 S.W.2d 325 (Mo. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

iv

v

Statutes and Constitutional Provisions

*Mo. Const. art. V, sec. 18* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Section 160.261, RSMo (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Section 536.150, RSMo 1994 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*U.S. Const. amend. XIV, § 1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument

Plaintiff Jana Wooten was a student attending high school in Pleasant Hope, Missouri. She played on the Pleasant Hope high school softball team for a number of years and greatly valued her participation on the team. She planned to go to college on a softball scholarship. Shortly before the end of her senior season, however, defendant Micki Stout, the softball coach, expelled her from the team as discipline for allegedly missing a softball game to go to a competing school's homecoming. There was no written rule requiring attendance at every game and there was no pre-existing practice requiring attendance. Defendant Stout made the decision and imposed the discipline immediately. Plaintiff was not consulted nor given an opportunity to correct the coach's erroneous belief. Stout informed the team and members of the general public that plaintiff was off the team because she had missed a game to go to a competing school's homecoming, but she never informed plaintiff or gave her a chance to explain her absence. Plaintiff was greatly upset and humiliated and sustained a medically diagnosable injury. The expulsion occurred over a year ago but Plaintiff continues to take medication to treat the trauma she sustained.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects

1

citizens from being deprived of their property without Due Process of law. *U.S. Const. amend. XIV, §*
*1.* Whether a particular right or interest constitutes a "property" interest worthy of Due Process protectio
is decided by reference to state law. *Board of Regents v. Roth*, 408 U.S.564, 577, (1972); *Perry v.*
*Sinderman*, 408 U.S. 593 (1972). The key to determining whether Due Process is warranted in a given
case is whether the Plaintiff had a legitimate expectation that she would continue to enjoy the benefit at issu
absent cause to terminate the benefit. *Id.*

The Pleasant Hope School District has adopted policies giving students such as Plaintiff a legally
cognizable interest in participating in extra-curricular activities. *See Complaint, par. 26-40.* It is within
the school district's power to create such a protected interest under Missouri Law and since it has done
so by adopting local rules with the force and effect of law, the Due Process Clause of the Fourteenth
Amendment to the United States Constitution protects the interest created from deprivation without Due
Process of law. *See Yarber v. McHenry*, 915 S.W.2d 325 (Mo. 1995).

The statements of district policy from the student handbook quoted in paragraphs 26-40 of the
Complaint and the prior course of dealing in the district, as alleged in paragraphs 37-40 of the Complaint,
establish plaintiff had a legitimate expectation that she would not be arbitrarily removed from the team as
punishment for misconduct which she had not committed.

Section 160.261, RSMo (1994) requires local Boards of Education to clearly establish a written
policy of discipline. The board in this case established a discipline policy which encompassed discipline
in extra curricular activities and thereby gave plaintiff a legitimate expectation of continued participation in
extra-curricular activities worthy of Due Process protection. *See Complaint, par. 36.*

Defendant School District established a comprehensive educational system including both

2

classroom instruction and extra-curricular activities. ***See Complaint, par. 4.*** Participation in extra-curricular activities at Pleasant Hope was an integral part of the educational process. Since Plaintiff has a right to educational services under Missouri statute and local rule/ordinances and since the local school district made extra-curricular activities a part of receiving that education, plaintiff was entitled to Due Process protections before being terminated from an extra-curricular activity. In addition, the local rules give Plaintiff a right to continued participation in extra-curricular activities independent of her right to an education.

This Court should look to the Missouri Supreme Court's decision in ***Yarber v. McHenry***, 915 S.W.2d 325 (Mo. 1995) as a guide in determining whether Missouri law protects participation in extra-curricular activities. In ***Yarber***, the Supreme Court found a protected interest in receiving an education in statutes which require mandatary school attendance. The local rules cited in the Complaint establish a legitimate expectation of continued participation in extra-curricular activities much more clearly than the statutes relied on in ***Yarber*** which establishe a right to educational services.

Defendants cite several cases finding no right to Due Process in matters relating to extracurricular activities. None of those cases, however, involved school districts where the local school board had adopted specific policies encouraging and protecting the student's right to participate. The cases relied on by Defendants presume (rather than determine) state law does not confer a property interest in participation in extracurricular activities. Such cases have no bearing on the question before this Court. The Court must review the local rules and practices as alleged in the Complaint and determine whether it appears beyond all doubt that plaintiff can prove no set of facts which would support a finding that plaintiff had a Constitutionally cognizable interest in not being denied the right to participate in extracurricular activities

3

without cause. ***Knapp v. Hanson*** 183 F.3d 786, 788 (8th Cir. 1999).

Plaintiff Was Denied Due Process of Law

In ***Boyd v. Board of Directors of McGehee School Dist. No. 17***, 617 F.Supp. 86 (E.D. Ark. 1985) the question for decision by the Arkansas District Court was ". . . [W]hether [a student] was entitled to Procedural Due Process--notice of the charge against him and an opportunity to present his side of controversy--before [the football coach] suspended [him] from the football team for the remainder of the term." ***Id.*** at 93. The football player was a senior with approximately four games left in his last season including the homecoming game. The evidence established, as plaintiff alleges here, that participation in high school sports is vital and indispensable to a college scholarship and, therefore, to a college education. ***Id.*** The player's continued status as a member of the football team during his last year of high school was very important to his educational and economic future and as such was a property interest protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. ***Id.*** "Absent any clear urgency for acting prior to a hearing, [a student is] Constitutionally entitled to Procedural Due Process before [a coach may] suspend him from the . . . High School football team for the rest of the season. ***Id.*** (Citing ***Strickland v. Inlow***, 485 F. 2d 186 (8th Cir. 1973).

Defendants mis-characterize the holding of ***McFarlin v. Newport Special School District***, 980 F.2d 1208 (8th Cir. 1992). The Eight Circuit did not determine that there was no established right to compete in high school inter-scholastic athletics. To the contrary, the Eighth Circuit has reviewed state high school activity association rules regarding participation in extra curricular sporting activities under the Due Process standard. ***U.S. ex rel. Missouri State High School Activities Ass'n***, 682 F. 2d 147, 153 (8th

4

Cir. 1982). The Eighth Circuit's actual comment in *McFarlin* was, " . . There was no *clearly established right* of *parents* to have their children compete and enter scholastic athletics." *Id.* at 1211. (emphasis added) Even this statement was *dicta* because the court had already determined the issue under consideration was moot and therefore not reviewable. *Id.* Further, the comment was made in the context of a mootness analysis rather than a Constitutional inquiry.

Defendants failed to cite the most important holding in the case. "Additionally, they may advance the damages claim on behalf of their daughter against the defendants for allegedly depriving Christy of civil rights." *Id.* at 1211. In *McFarlin*, the plaintiff was a high school senior who was removed from the high school basketball team without a hearing. The student sued for violation of her Due Process and Equal Protection Rights under the Fourteenth Amendment to the United States Constitution. By remanding the case to the district court with specific instructions that the plaintiff could proceed on her civil rights claims, the Eighth Circuit recognized a cause of action in favor of plaintiff for denial of Due Process.

Many other courts have recognized Due Process protections apply in appropriate local contexts: *Behagen v. Intercolegiate Conference of Faculty Representatives*, 346 F. Supp. 602 (D.Minn. 1972) (Opportunity to participate in intercollegiate athletics is of substantial economic value to many students and is therefore a property interest for Due Process purposes. *Id.* at 604.); *Kelly v. Metropolitan Co. Board. of Ed. of Nashville and Davidson County Tennessee*, 492 F. Supp. 167 (M.D.Tenn. 1968) (High school students' interests in participating in extra-curricular athletic are so substantial that they cannot be impaired without Due Process of law); *Id.* at 324. *See also O'Connor v. Board of Educ.,* 65 Misc. 2d 40, 316 N.Y.S.2d 799(1970); *Clements v. Board of Educ.*, 133 Ill.App. 3d 531, Ill.Dec. 601,478 N.E.2d 1209(1985); *Bunger v. Iowa High School Athletic*

5

*Ass'n,*197 N.W.2d 555(Iowa 1972);*Kelly v. Metropolitan Co. Bd. of Ed. of Nashville,*293 F.Supp. 485(M.D. Tenn. 1968); *Gilpin v. Kansas State High School Activities Ass'n Inc.*, 377 F.Supp. 1233(D. Kan.1974); *Davis v. Central Dauphin School District School Bd.,* 466 F.Supp. 1259, 1263, 1265 (M.D. Pa. 1979); *Brands v. Sheldon Community School,* 671 F.Supp. 627, 631 (N.D. Ia. 1987); *French v. Cornwell*, 276 N.W.2d 216, 218 (Neb. 1979); *Braesch v. DePasquale*, 265 N.W.2d 842, 845 (Neb. 1978), *Cert.* denied 439 U.S. 1068, 99 S.Ct. 836, 59 L.Ed.2d 34 (1979).

*Farver v. Board of Educ. of Carroll County*, 40 F. Supp 2d 323 (D.Md. 1999), relied on by defendants, recognized that many states do confer a property interest or some other form of legally protected interest in participation in extra-curricular activities.

Defendants' Due Process Cases Distinguished

The Due Process cases relied on by Defendants are inapposite because they do not address the question of whether the Rule adopted by the Pleasant Hope R-VI School District gave Plaintiff a legitimate expectation of continued participation in the girls high school softball program and therefore gave plaintiff a property interest worthy of Due Process protection.

In *Runge v. Dove*, 857 F.2d 469, 474 (8th Cir.1988), the Eighth Circuit Court of Appeals held a school district maintenance worker from a state other than Missouri was entitled to Due Process of law before being terminated. But that case has no relevance in Missouri because Missouri does not tenure non-certificated school employees as the foreign state did. *Runge* illustrates how the cases cited and relied on by defendants are inapposite. None of defendants' cases interpret the Constitutional implication of the rules and customs of the Pleasant Hope School Districts similar rules.

6

*Gordon v. Hansen,*168 F.3d 1109 (8th Cir. 1999) does not examine the effect of rules and customs similar to those of Pleasant Hope School Disctrict. *Canada v. Thomas,* 915 F. Supp. 145,148-49 (W.D. Mo.1996), doesn't address Procedural Due Process issues. The case was analyzed under Substantive Due Process and, not surprisingly, failed. The claims against the University itself were barred by Eleventh Amendment immunity. The plaintiff in *Peterson v. Independent School District Number 811*, 999 F. Supp. 665, 671-72 (D.Minn. 1998) lost because the court gave preclusive effect to an adverse finding by the Minnesota Department of Education and because he received several opportunities to present his side of the case including a full hearing. Any comment's by the court regarding Procedural Due Process issues are *dicta* because that case involved a school suspension which clearly triggered Procedural Due Process requirements. There is no discussion of local or state law regarding the nature of the student's right or interest in participating in extra-curricular activities. *Mitchell v. Louisiana High School Athletic Ass'n*, 430 F.2d1155,1158(5th Cir. 1970) and *Albach v. Odle*, 531 F.2d 1983, 984(10th Cir. 1976), contain no analysis of state and local law. *Davenport By Davenport v. Randolph County Bd. of Educ.*, 730 F.2d1395 (11th Cir.1984), is similarly inapposite. There is no indication the school district at issue had any local rules conferring a property interest in extra-curricular participation on students as does the School District in this case.

In *Pegran v. Nelson,* 469 F. Supp. 1134 (M.D.N.C.1979), the court did not decide whether extra-curricular activities were entitled to Due Process protection because the student received all required Due Process even assuming extra-curricular activities were protected. *Id.* at 1140. Furthermore, the court specifically held there was no North Carolina law giving property interest status to extra-curricular activity participation. *Id*. at 1139.

7

Defendant's reliance on ***James By and Through Singleton v. Tallassae High School***, 907 F. Supp. 364 (M.D. Ala. 1995) is misplaced. That court's decision turned on its finding that "In the present case, Ms. James has not lost the position of head or co-head cheerleader of the football cheerleading squad, rather she was never selected to serve in the position so she had only a mere expectation of being chosen as the head or co-head of the football cheerleading squad." *Id.* at 367. In the present case, Plaintiff was a member of the girls high school softball team and was removed as disciplinary action for alleged misconduct.

***Farv***, 40 F.Supp. at 324, demonstrates an error in analysis. The court dismisses several state court cases recognizing a protected interest in extra-curricular activity participation as matters of purely state law. Under ***Roth***, if state law confers a property interest, Due Process protects it.


Plaintiff has a Right to Judicial Review Pursuant to Section 536.150, RSMo 1994

The Missouri Constitution guarantees every Missouri citizen the right to judicial review of administrative decisions. ***Mo. Const. art. V, sec. 18.*** Plaintiff is entitled to *de novo* review pursuant to Section 536.150 RSMo 1994. No Constitutionally protected property interest is necessary for non-contested case judicial review. Even at-will public employees are entitled to *de novo* review of the procedural propriety of their termination. ***Mosley v. Members of the Civil Service Board, et al.***, 2000 WL 821661, 3-4 (Mo. App. E.D. Case No. 77135, issued June 20, 2000).

8

Intentional Infliction of Emotional Distress

"The tort of intentional infliction of emotional distress has the following four elements: (1) Defendant must act intentionally or recklessly; (2) Defendant's conduct must be extreme and outrageous and (3) conduct must be the cause (4) of severe emotional distress." *Polk v. INROADS/ St. Louis, Inc.,* 951 S.W. 2d 646, 648 ( Mo. App. E.D. 1997). Plaintiff has pleaded all required elements.

In *Polk*, the plaintiff was an at-will employee. She reported misconduct by one of her supervisors and was then harrassed by the company. The court found that the following allegations stated a cause of action for intentional infliction of emotional distress: The auditing and altering of plaintiff's vacation and sick leave records, having plaintiff followed at work, the making of six prank phone calls to plaintiff's home, misrepresenting to plaintiff's co-workers that she was responsible for the lack of success of the office, demoting plaintiff and removing her duties and responsibilities and creating unreasonable and unattainable work product requirements. *Id* at 648. Plaintiff Wooten has made allegations as bad as or worse than the allegations advanced in *Polk*. In light of *Polk*, the Complaint states a cause of action for intentional infliction of emotional distress because " . . taken together, [the acts of defendant Stout] were so outrageous as to be utterly intolerable in a civilized community". *Id.*

Defendant misstates the Court's function in determining the legal sufficiency of the allegations of extreme and outrageous conduct. " . . [I]t is for the court to determine in the first instance, whether the defendants conduct may reasonably be reguarded as so extreme and outrageous as to permit recovery." *Fry v. CBS Inc.,* 671 S.W2d 316, 319 (Mo. App. E.D. 1984). " . . . [I]f in the favorable view of [plaintiff's] evidence, giving [plaintiff] all of the benefit of favorable inferences to be drawn therefrom, th

9

question is reasonably debatable, then the issue should go to the jury." *Id.*

In the present case plaintiff alleges defendant Stout relied on what she knew was unreliable hearsay to dismiss plaintiff from the team and publicly announce that dismissal and did so without telling plaintiff. Plaintiff learned of the dismissal from a member of the community when she came to school the following Saturday morning for senior pictures. Plaintiff was a high school senior who had invested years in participating on the girls high school softball team. Defendant Stout publicly attacked plaintiff's character and commitment to her school and team by announcing that she had essentially defected to a competing school.

Defendants assertion at the top of page 7 of her Suggestions that her conduct was relatively standard exceeds the scope of review because it relies on facts not in the pleadings. There was no allegation in the Complaint which supports this assertion. No extraneous evidence is offered nor could it be to support the assertion.

Defendants mis-characterize the statement made as merely that Plaintiff was kicked off the high school softball team after missing a game. That is not all that was said. Plaintiff was accused of being disloyal by forsaking her own school, team and teammates to attend a competing school's homecoming.

Plaintiff State's a Cause of Action for *Prima Facie* Tort

Defendant misstates Missouri law regarding the elements of *prima facie* tort. Plaintiff must allege an intentional **lawful** act by defendant. Even the case cited and relied on by defendant so holds. *Grey v. Bicknell*, 86 F.3d 1472, 1481 (8th Cir. 1996). The very nature of the *prima facia* tort cause of action is to allow recovery for wrongful but lawful conduct.

10

Defendant Stout inaccurately claims that the existence of a duty owed by defendant to plaintiff is a prerequisite to a successful claim under *prima facia* tort theory. There is no such requirement. The case relied on by defendant, ***Harzfeld's v. Otis Elevator Co.,*** 114 F. Supp. 480, 485 (W.D. Mo. 1953), does not support the proposition for which it is cited. This case involves a breach of contract claim regarding an elevator failure. The discussion referred to on page 485 does not deal with *prima facia* tort in any way.

Defendant's reliance on ***Iacco v. Bohannon***, 245 N.W. 2d 791, 792-93 (Mich.App.1976) is misplaced. The coach in that case suspended a basketball team captain for unstated reasons. 1 He indicated at a meeting of the players that to be reinstated the captain must give a sustained demonstration of team loyalty and demonstrate his faith in the teams ability to win. There was no indication that the allegation of disloyalty was disseminated to members of the general public. Nor was there any indication that the coach falsely accused the team captain of committing any specific wrongful act.

Invasion of Privacy

Defendant Stout fails to discuss the fact that she published the statements to the public in general, not just the team. In addition, the details of disciplinary action could not be properly shared with the team members. Even under the cases cited by defendants the Complaint states a claim for violation of privacy.

11

Defamation

The Complaint states a cause of action for defamation. *Nazeri v. Missouri Valley College*, 860 S.W. 2d 303, 311 (Mo. 1993). Defendant Stout made an allegation which tends to harm plaintiff and her business, trade, profession or office and as such constituted what was historically referred to as slander *per se*. *Id.* Defendant Stout's statement imputed a lack of fitness to perform ones duties to plaintiff which struck directly at her competence as a softball player and therefore undermined her ability to obtain a college scholarship. *Id.* Plaintiff has pleaded special damages in that she lost income in the form of scholarship proceeds and that she lost the right to attend the college of her choice. *Id* at 312.

Contrary to Plaintiff's contention, supported only by a citation to an unpublished district court opinion, it is no longer necessary that civil rights complaints follow the "Heightened Pleading" rule or traditional fact pleading specificity requirements. *Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 113 S.Ct. 1160 (1993).

The fact that defendant Stout punished plaintiff for missing a game to attend a competing school's homecoming renders the statement capable of only one interpretation. Not only was plaintiff's alleged misconduct bad, it was so bad that plaintiff was no longer fit to be a member of the softball team. This is not a case where a statement is conveyed to the public in isolation. The statement was conveyed along with the information that the coach, a school official, had determined that the conduct to which the statement referred was so egregious that it completely disqualified plaintiff from being the kind of person who was fit to serve on the school's softball team. Knowing the context that plaintiff was expelled from the softball program, any reasonable member of the public would presume an extremely negative connotation from the

12

statements published by the coach and plaintiff's reputation in the community would be lowered. If defendant Stout's argument is to be believed, it must also be true that defendant Stout's action in expelling plaintiff from the softball team was wholly arbitrary and capricious.

As to defendant Stout's claim of qualified privilege, the cited cases do not control the present facts. In *Iacco v. Bohannon*, 245 N.W. 2d 791, 792-93 (Mich. App. 1976) the coach expressed matters of opinion and did so only to team members. *Hardge-Harris v. Pleban*, 741 F. Supp. 764,773 (E.D. Mo.1990) does not control because defendant Stout knew she was relying on hearsay from a team member who disclaimed any actual knowledge. In addition, the very essence of discipline is a desire to punish. The fact that defendant Stout felt it necessary to punish before fully investigating the information she knew to be unreliable and that she felt it necessary to announce the decision publicly so as to humiliate plaintiff is evidence enough that even if actual malice were required, which it is not, that standard is met by the allegations in the Complaint.

Conclusion

For the reasons discussed above, Plaintiff urges this court to overrule Defendants' Motion to Dismiss or in the alternative Plaintiff requests leave of the court to file an Amended Complaint or for such other relief as the court deems appropriate. If the Court determines the federal question should be dismissed, plaintiff suggests the remainder of the case should be remanded to state court. Plaintiff also suggests that since important questions of Missouri law are dispositive of the Due Process claim remand to the state court for consideration of that issue is appropriate.

13

Respectfully Submitted,

CARSON & COIL, P. C.


_____/s/_____

Kent L. Brown          #38992
515 East High Street
P. O. Box 28
Jefferson City, Missouri 65102
Telephone: (573) 636-2177
Facsimile: (573) 636-7119

ATTORNEYS FOR PLAINTIFF

14